

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 27, 2017

**BY ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   *United States v. Janae Bendolph, et al.*
           **16 Cr. 851 (VSB)**

Dear Judge Broderick:

    The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for November 30, 2017, at 12:00 p.m. The parties stipulated that the applicable United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") range is 21 to 27 months' imprisonment (the "Guidelines Range"). For the reasons set forth below, the Government submits that a sentence within the Guidelines Range is appropriate in this case.

    **A. Procedural History**

    On December 29, 2016, Janae Bendolph (the "defendant"), was charged in a three-count Indictment with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count One); aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count Two); and fraudulent use of credit cards, in violation of 15 U.S.C. § 1644 and 18 U.S.C. § 2 (Count Three). On July 28, 2017, the defendant pled guilty, pursuant to a plea agreement ("Plea Agreement"), to Count One of the Indictment, which charged her with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, from September 2015 through October 2016, for her involvement in a scheme to use, without permission or authorization, the debit and/or credit card accounts of third parties in order to purchase Amtrak train travel and other items, including gift cards to chain and luxury retail stores. On October 19, 2017, the U.S. Probation Office ("Probation Office") issued the final Presentence Investigation Report ("PSR").

    **B. Offense Conduct**

    As set forth in the PSR, the defendant used victims' personal identifying information and financial information in connection with the purchase of Amtrak train travel and other items. To do so, the defendant would purchase Amtrak train tickets using an online phone application. *See* PSR ¶ 26. She would enter the name, billing address, credit card number, and credit card expiration date of the victim into the phone application in order to purchase the train ticket. *See* PSR ¶ 27. The train tickets would be issued in either the defendant's name or in the name of an

alias. *See* PSR ¶ 26. Data from Amtrak showed that an alias of the defendant appeared as a passenger name on at least 60 reservations for Amtrak travel dating from October 2015 to August 2016. *See* PSR ¶ 69. The investigation also revealed approximately 112 fraudulent debit/credit cards in the name of the defendant or the defendant's alias. *See* PSR ¶ 70.

### C. Discussion

#### 1. Applicable Law

As the Court knows, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall* v. *United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 596. After that calculation, however, the Court must consider the factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, and the need to adequately deter criminal conduct and protect the public. *Id.* at 50 & n.6.

#### 2. A Guidelines Sentence Is Appropriate In This Case

A sentence within the Guidelines Range is warranted based on an analysis of the 18 U.S.C. § 3533(a) factors. In particular, a Guidelines sentence is necessary here to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to this defendant and other similarly situated individuals, and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

This defendant stole the personal and financial information of dozens of individuals throughout the country and used that information on at least 60 occasions to purchase Amtrak travel for her own benefit and without regard to the impact on the individuals whose identities were stolen or the entity that lost money from the fraudulent travel. Such actions undermine individuals' trust in their own privacy and financial security and threaten the integrity of the nation's financial system. In addition, during the relevant period, the defendant had at least 110 fake credit and/or debit cards either in her name or in the name of an alias. Accordingly, a substantial sentence is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

In addition, a sentence within the Guidelines Range is appropriate to deter the defendant from such conduct in the future. The present conviction is not the defendant' first criminal conviction for conduct involving fraudulent credit cards. *See* PSR ¶ 97 (discussing possession of forged credit cards). Yet, the defendant's prior arrest and conviction for nearly identical conduct did not prevent the defendant from engaging in further criminal conduct of the same variety. And although the Government is not unsympathetic to the familial circumstances confronting the defendant as a result of the instant conviction, the defendant was fully aware of those consequences

during the period of the offense. Yet rather than abide by the law, the defendant appears to have financed her lifestyle through the fraudulent scheme. *See* PSR ¶¶ 120, 121 (showing the defendant's lack of employment during the instant offense). Even after her conviction, the defendant has shown a lack of remorse. Rather than save money for restitution, the defendant vacationed in Las Vegas, NV earlier this year with a co-defendant. *See* ECF No. 112.

A sentence in the Guidelines Range will also avoid unwarranted sentence disparities among defendants engaged in the same conduct. *See* 18 U.S.C. § 3553(a)(6). The defendant is one of nine defendants charged in Indictment 16 Cr. 851 (VSB). To date, two of the nine defendants have been sentenced: On July 6, 2017, Orrin Stancil was sentenced to a mandatory term of 24 months' incarceration following his guilty plea to one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A; On November 8, 2017, Kevin Hill was sentenced to a term of 30 months imprisonment following his guilty plea to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Although several defendants have yet to plead, the Government believes that a Guidelines sentence in this case is consistent with this defendant's relative culpability. In other words, the defendant's conduct at issue in this scheme is comparable to the conduct of the other sentenced defendants.

### D. Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Guidelines Range of 21 to 27 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney for the
Southern District of New York

By: _____
Michael C. McGinnis/Timothy V. Capozzi
Assistant United States Attorneys
(212) 637-2305/2404